# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6645 | **DATE** | 5/10/2004 |
| **CASE TITLE** | Ahr vs. Commonwealth Edison | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion, the Court hereby dismisses this action without prejudice. Defendant's motion to stay is denied. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 11 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. Judge's staff mailed Memorandum Opinion. | | | 17 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | MAY 11 2004 | |
| | | | date mailed notice | |
| MW6 | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT W. AHR, DONALD J. )
ARENDARCZYK, RANDY BALES, RONALD )
CLARK, RICHARD CLEMENS, RICHARD )
CONLEY, JAMES P. CURRIE, TERRY L. )
DuTOUR, HORACE T. GAINES, ROGER L. )
GRITTERS, RICK GROOMES, CLARENCE )
HAMANN, JOE HAMM, RONALD HANSON, )
JOHN T. HARTZLER, LARRY HENNING, )
MARGARET N. HOGAN, WILLIAM )
ISAACSON, MICHAEL A. KLEIN, JOHN J. )
LaROCK III, JACK JESSERSCHMITT, )
JAMES A. NARDONE, EDMUND J. )
ONGENAE, RAYMOND PEREK, WALLIS )
REICHERT, CHARLES ROBISON, CHARLES )
RUDD, PHILIP SPOTOFORA, WAYNE )
VANPATTEN, JAMES R. WALSH, )
KENNETH WEHRLE, PAUL WILLIAMSEN, )
 )
Plaintiffs, )
 )
v. ) No. 03 C 6645
 )
COMMONWEALTH EDISON COMPANY, )
an Illinois corporation, and the COM ED )
SERVICE ANNUITY COMMITTEE, )
 )
Defendants. )

DOCKETED
MAY 11 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

Thirty-two plaintiffs (hereinafter "Plaintiffs") have filed with this court a

1

complaint alleging that Commonwealth Edison Company, an Illinois Corporation, and the Commonwealth Edison Service Annuity Committee (hereinafter "Defendants") (1) breached their fiduciary duty to Plaintiffs by making misrepresentations upon which Plaintiffs justifiably relied; (2) engaged in a civil conspiracy to make intentional misrepresentations of which Plaintiffs justifiably relied; (3) engaged in negligent misrepresentation; and (4) made an amendment of ERISA welfare benefit plan without notice. For the reasons stated below, this case is dismissed without prejudice.

## BACKGROUND

On September 25, 2001, Ronald Cook and seven other plaintiffs (hereinafter "original plaintiffs") filed a complaint against the Defendants before the Honorable Chief Judge Kocoras. On May 12, 2003, original plaintiffs filed a motion for leave to file a Second Amended Complaint with Plaintiffs in the action before the Honorable Chief Judge Charles Kocoras. Plaintiffs in the instant action were also named as plaintiffs in the proposed second amended complaint that was the subject of the motion. On July 3, 2003, in *Cook v. Commonwealth Edison Company*, 2003 WL 21530562, at *3 (N.D. Ill. 2003)(hereinafter "*Cook*"), Chief Judge Kocoras denied the motion for leave to file a Second Amended Complaint and dismissed all counts in the action. The court further stated that "...the dismissal of those counts is now properly deemed a final and appealable judgment." *Id.*

2

On August 3, 2003, Plaintiffs filed a Notice of Appeal from the July 3, 2003 judgement with the Seventh Circuit Court of Appeals. According to the Plainitffs, they "have asked the Court of Appeals to hold as a matter of law that Judge Kocoras' ruling does not apply to them." Despite the fact that the Appeal was pending, on September 18, 2003, Plainitffs filed an action before this court similar to the action filed by the original plaintiffs.

## DISCUSSION

Defendants have requested that we stay the proceedings, pending the outcome of the appeal. However, Plaintiffs have affirmatively stated in their response that they "see no reason for a stay". In the response, Plaintiffs have also advised this court that "if the eventual ruling of the Court of Appeals affects the administration of this case in some way, then the parties will just have to adjust."

Plainitffs attorneys have also notified this court that "...it is difficult for these Plaintiffs, with limited financial resources, to engage in this war of attrition while simultaneously prosecuting an appeal, all before they have even had a chance to begin discovery on their underlying claims." In *Cook*, Chief Judge Kocoras denied the original plaintiffs' motion to file a second amended complaint to add the additional Plaintiffs due to unreasonable delay and prejudice to the Defendants on the original plaintiffs' part and dismissed the action filed by the original plaintiffs. WL 21530562, at *2-3 (N.D. Ill. 2003). The Plaintiffs in this action have stated in

3

briefs filed with this court that they have filed an appeal from Chief Judge Kocoras' ruling and have asked the Court of Appeals to determine if Chief Judge Kocoras' ruling applied to them. Depending on the outcome of the appeal, the Plaintiffs may be barred from bringing the instant action or in the alternative *res judicata* might be applicable. It appears that Plainitffs are concerned about res judicata which caused them to file an appeal from Chief Judge Kocoras' ruling, yet Plainitffs prematurely filed a similar action before this court. This court also notes that, in filing the instant action, Plainitffs have attempted in a crafty manner to include additional three counts in the complaint. However, such additional counts merely reincorporate the original count, and the action before this court appears to arise from the same facts and claims that are currently on appeal. It further appears that there may also be an identity of causes of action. The doctrine of *res judicata* exists under the federal common law and bars a claim in a subsequent suit "if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Okoro v. Bohman,* 164 F.3d 1059, 1062 (7th Cir. 1999). The doctrine precludes relitigation of all matters offered to support or defeat the claim. *Hawxhurst v. Pettibone Corp.,* 40 F.3d 175, 180 (7th Cir. 1994). The elements for *res judicata* are: (1) final judgment, (2) identity of the cause of action, and (3) identities of parties or privies in the suits. *Id.*

Before this Court is Defendants' motion to dismiss the complaint based upon claim preclusion, ERISA preemption, and failure to sufficiently plead or prove a

4

claim for negligent misrepresentation. In the alternative, Defendants have asked for a stay pending ruling by the Seventh Circuit Court of Appeals in the *Cook* case. *See Cook v. Commonwealth Edison Company*, 2003 WL 21530562, (N.D. Ill. 2003). Plaintiffs have affirmatively stated in their response that they "see no reason for a stay."

After a careful review of the motions and the record, the Defendants' motion to stay is denied. Furthermore, this court is of the opinion that it need not make a ruling on the merits of the Defendants' motion to dismiss at this time based upon the reasons stated in such motion inasmuch as the Plaintiffs have an appeal in the *Cook* case presently pending before the Seventh Circuit Court of Appeals which may be dispositve of this action. However, Plaintiffs have not indicated that they needed to file this premature action to preserve their claim and avoid a bar under the statute of limitations. Therefore, this court will dismiss Plaintiffs' premature action without prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 10, 2004