

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ROBERT W. AHR, RONALD CLARK,                )
RICHARD CONLEY,   DENNIS J. DUBICZ,     )
ROGER L. GRITTERS, RICK GROOMES,        )
CLARENCE HAMANN, RONALD HANSON,  )
JOHN T. HARTZLER, WILLIAM                     )
ISAACSON, ROBERT B. MAGOLAN,              )
WILLIAM MARSH, RAYMOND PEREK,          )
CRAIG A. REED, WALLIS REICHERT,           )
CHARLES ROBISON, CHARLES RUDD,         )
ANTHONY SANTORO, WAYNE                       )
VANPATTEN,  JAMES WASHCO and             )
KENNETH WEHRLE,                                       )
                                                                        )
               Plaintiffs,                            )
                                                                        )
          v.                                                   )        No.  03 C 6645
                                                                        )
COMMONWEALTH EDISON COMPANY,          )
an Illinois corporation, and the COM ED        )
SERVICE ANNUITY COMMITTEE,                    )
                                                                        )
              Defendants.                           )

## <u>MEMORANDUM OPINION</u>

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss.  For the reasons stated below, we grant the motion to dismiss.

1

# BACKGROUND

Plaintiffs are current employees and retired employees of Defendant Commonwealth Edison Company ("ComEd") that are participants in a pension plan entitled the Commonwealth Edison Company Service Annuity System ("Plan"). Plaintiffs allege that ComEd is named in the Plan as the Plan Administrator and ComEd has delegated administrative authority to Defendant ComEd Service Annuity Committee ("Committee"). Plaintiffs contend that ComEd and the Committee are fiduciaries of the Plan.

According to Plaintiffs, prior to September of 1999, ComEd provided certain management employees ("Management Employees") with retirement benefits that were identical to those agreed to in a collective bargaining agreement ("CBA") negotiated between ComEd and the International Brotherhood of Electrical Workers ("IBEW"). The CBA expired in September of 1999, but its terms remained in effect while ComEd and the IBEW negotiated a new CBA. Plaintiffs allege that the Management Employees believed in September of 1999 that they would continue to receive the same retirement benefits during the negotiation period. However, according to Plaintiffs, during 1999 and 2000, rumors began to circulate at ComEd that the Management Employees would not receive the same benefits contained in the new CBA being negotiated. Plaintiffs allege that in an effort to dispel the rumors, ComEd communicated to the Management Employees that their retirement benefits would be the same as those agreed to in the new CBA. Plaintiffs further

2

allege that ComEd's communications to the Management Employees regarding the future status of their retirement benefits were inaccurate, incomplete, and untruthful. Finally, Plaintiffs allege that on September 18, 2000, ComEd issued a memorandum that stated that the new CBA agreement would apply to union employees only and ComEd thus provided notice to the Management Employees that their benefits would no longer mirror those agreed to in the CBA.

Plaintiffs brought the instant action and included in their amended complaint a claim against ComEd alleging that the alleged misrepresentations resulted in a breach of fiduciary duty in violation of 29 U.S.C. § 1132(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, (Count I), and a claim against ComEd and the Committee alleging that they breached their duties by altering the Plan without proper notice (Count II).

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support

3

of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

4

## DISCUSSION

Defendants argue that this action should be dismissed because Plaintiffs fail to allege that they have exhausted their administrative remedies. If a plaintiff brings an ERISA claim, requiring the plaintiff to exhaust the administrative remedies provided in the plan in question is "favored because 'the plan's own review process may resolve a certain number of disputes; the facts and the administrator's interpretation of the plan may be clarified for the purposes of subsequent judicial review; and an exhaustion requirement encourages private resolution of internal employment disputes.'" *Stark v. PPM America, Inc.*, 354 F.3d 666, 671 (7th Cir. 2004)(quoting *Ames v. American Nat'l Can Co.*, 170 F.3d 751, 756 (7th Cir. 1999));*Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996)(indicating that exhaustion "enables plan fiduciaries to ... assemble a factual record which will assist a court in reviewing [their] actions'" and that Congress formulated the exhaustion requirement because it helps "to minimize the number of frivolous lawsuits, promote a non-adversarial dispute resolution process, and decrease the cost and time of claims settlement" and that "[t]hese advantages outweigh a plaintiff's relatively minor inconvenience of having to pursue her claims administratively before rushing to federal court. . . .") The determination as to whether an ERISA plaintiff must first exhaust his administrative remedies "is a matter within the discretion of the trial court." *Stark*, 354 F.3d at 671. Two established exceptions to the exhaustion requirement are: 1) "if there is a lack of meaningful access to review procedures," and 2) "if pursuing

5

internal remedies would be futile." *Id.* The Seventh Circuit has indicated that in regards to the requirements for the futility exception "[i]n order to come under the futility exception to the exhaustion requirement a plaintiff must show that 'it is certain that [her] claim will be denied on appeal, not merely that [she] doubts that an appeal will result in a different decision.'" *Lindemann*, 79 F.3d at 650 (reviewing summary judgment ruling)(quoting *Smith v. Blue Cross & Blue Shield United of Wis.*, 959 F.2d 655, 659 (7th Cir.1992)).

In the instant action, Plaintiffs acknowledge that they did not file a formal appeal with the Committee and Plaintiffs thus admit that they did not exhaust their administrative remedies. (Ans. 7). However, Plaintiffs contend that: 1) the exhaustion requirement is not applicable in the instant action, and even if the requirement is applicable, 2) the court should exercise its discretion and not require an exhaustion of administrative remedies, or 3) the court should at least find that the exhaustion determination is premature at this juncture. Finally, Plaintiffs argue that if the court should address the exhaustion issue at this juncture, the exceptions to the exhaustion requirement excuse Plaintiffs' failure to exhaust their administrative remedies.

## I. Pleading Requirements For Exhaustion Issue

Defendants argue that "Plaintiffs failed to allege in their Complaint that they exhausted their administrative remedies." (Mot. 8). We note that generally, absent

specific pleading requirements provided for by statute or by the Seventh Circuit, under the federal notice pleading standard a plaintiff is not obligated to plead legal claims or plead in anticipation of defenses. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)(stating that "[o]rders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses" and that "[c]omplaints need not contain *any* information about defenses and may not be dismissed for that omission."); *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir.1992)(stating that under the federal notice pleading standard "[i]nstead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations."); *Tregenza v. Great American Communications Co*, 12 F.3d 717, 718 (7th Cir. 1993)(stating that a plaintiff is not required to plead in anticipation of defeating an affirmative defense). Thus, in general a plaintiff need only plead the operative facts necessary to give a defendant proper notice of the claim being brought by the plaintiff. *Kyle*, 144 F.3d at 445-55. Some of the Seventh Circuit cases relied upon by Defendants are not on point on this issue. In *Stark v. PPM America, Inc.*, *Lindemann v. Mobil Oil Corp.*, and *Powell v. A.T. & T. Communications, Inc.*, which are relied upon by Defendants, the Seventh Circuit was reviewing district court rulings that addressed the exhaustion of administrative remedies issue at the summary judgment stage rather than the pleading stage. 354

7

F.3d at 669; 79 F.3d at 649; 938 F.2d 824.

## A. *Wilczynski v. Lumbermens Mut. Cas. Co.*

In *Wilczynski v. Lumbermens Mut. Cas. Co.,* 93 F.3d 397 (7th Cir. 1996) the

Seventh Circuit made it clear that a court could address the exhaustion issue at the

pleading stage. In *Wilczynski* the Seventh Circuit reviewed a district court's ruling

granting a motion to dismiss. *Id.* at 399. The Seventh Circuit noted that the parties

agreed that the plaintiff had not exhausted her administrative remedies and the

Seventh Circuit proceeded onward to evaluate whether or not, when broadly reading

the complaint under the notice pleading standard, and making all inferences in favor

of the plaintiff, there were sufficient allegations to infer that one of the exceptions to

the exhaustion requirement was applicable. *Id* at 402. The court concluded that "the

averments in the amended complaint [were] sufficient to allege that [the defendant]

denied [the plaintiff] meaningful access to a 'full and fair' final appeal of her claim

for disability benefits." *Id.* at 403. The court thus agreed with the plaintiff's

position that "although she did not exhaust [the defendant's] internal plan remedies,

her amended complaint allege[d] sufficiently that one of the exceptions to the

exhaustion requirement applie[d] to excuse that failure" and thus warranted a denial

of a Rule 12(b)(6) motion to dismiss. *Id.* at 402.

Plaintiffs argue that "[a]t this early stage of litigation, this court will not have

sufficient knowledge of the facts to exercise its discretion, and that is why the

8

motion is improper and Defendants should be made once and for all to answer." (Ans. 2-3). However, the court in *Wilczynski* approved just such a review at the pleadings stage with the proviso that a court must apply the notice pleading standard and make all inferences in favor of the plaintiff. *Id.* at 402-03.

### B. District Court Interpretation of the Holding in *Wilczynski*

We conclude, based upon the guidance provided by the Seventh Circuit in *Wilczynski*, that a plaintiff is required to provide sufficient allegations in her complaint that will at least allow for an inference that she exhausted her administrative remedies. There is District Court precedent that has applied the holding in *Wilczynski* in the same manner and some District Court precedent that has interpreted the holding in a different manner. For example, in *Koenig v. Waste Management, Inc.*, 76 F.Supp.2d 908 (N.D. Ill. 1999) the district court ruled on a motion to dismiss and, citing *Wilczynski*, the court stated that: "At this stage of the proceedings, Koenig has adequately demonstrated that meaningful access to review was severely curtailed." *Id.* at 913. Likewise in *Potter v. ICI Americas Inc.*, 103 F.Supp.2d 1062 (S.D. Ind. 1999) the district court ruled on a motion to dismiss and found that the plaintiff needed to plead facts to at least allege that there was an exhaustion of administrative remedies. *Id.* at 1065-66. The court in *Potter* noted that ordinarily a court will address the exhaustion requirement issue at the summary judgment stage, but noted that a court can address the issue on a motion to dismiss if

9

the court deems it appropriate. *Id.* at 1066 n.2. The court in *Potter* also noted that "when the plaintiff does not allege exhaustion of administrative remedies, courts have dismissed the complaints." *Id.* at 1066. The court in *Potter* found that the plaintiff "ma[de] no allegations that he made any claim for benefits." *Id.* In formulating its holding, the court stated: "Thus, on the face of [the plaintiff's] complaint, we must conclude that he has insufficiently alleged exhaustion of administrative remedies." *Id.* at 1067.

In *Coats v. Kraft Foods, Inc.*, 12 F.Supp.2d 862, 869 (N.D. Ind. 1998) the district court also ruled on a motion to dismiss. *Id.* at 864. The court noted that although there is no Seventh Circuit ruling expressly stating that a plaintiff is required to affirmatively plead that she either exhausted her administrative remedies or that an exception applies, the holding in *Wilczynski* should be interpreted to provide for just such a pleading requirement. *Id.* at 869. We agree with the holding in *Coats* that a plaintiff must plead that he has exhausted his administrative remedies or that an exception is applicable.

There is other District Court case law that has interpreted the holding in *Wilczynski* as merely providing that a district court can review the exhaustion issue if the plaintiff has provided allegations on the topic and the court can dismiss the action if the plaintiff has pled himself out of court. For instance, in *Medical Alliances, LLC v. American Medical Sec.*, 144 F.Supp.2d 979 (N.D. Ill. 2001) the district court cited *Wilczynski* for the proposition that "some courts have found that,

10

when a plaintiff includes allegations which seem to anticipate a defense like failure to exhaust administrative remedies, then plaintiff [sic] must include allegations sufficient to show that such remedies were exhausted or that plaintiff is excused from exhausting those remedies." *Id.* at 982. Similarly in *Moore v. ABB Power T&D Co. Inc.*, 2000 WL 1902185 (S.D. Ind. 2000) the district court criticized the holding in *Coats v. Kraft Foods, Inc.*, stating that "the reliance on *Wilczynski* appears to be misplaced, however, because the plaintiff in that case had included allegations with respect to exhaustion of administrative remedies in her complaint." *Id.* at *2. The court in Moore then cited *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir.1992) for the proposition that a plaintiff can plead himself out of court. *Id.*

We disagree with holdings in *Medical Alliances* and *Moore* because the rulings have departed from what is the true holding of *Wilczynski*. The courts in *Medical Alliances* and *Moore* found that in *Wilczynski* the plaintiff provided allegations regarding the exhaustion of remedies in the complaint. While that may be true, the court in *Wilczynski* did not make any reference to the fact that by providing such allegations the plaintiff thereby opened herself to an exhaustion inquiry.

The courts in *Medical Alliances* and *Moore* also noted that in *Wilczynski* the court proceeded in its analysis to determine if the plaintiff had pled herself out of court or anticipated the exhaustion defense. However, there is no such mention in

11

*Wilczynski* of the premise that a plaintiff can plead herself out of court or even a reference that alludes to such a premise or anticipation of a defense. This jump in logic was made by the courts in *Medical Alliances* and *Moore* alone and is not supported by the ruling issued in *Wilczynski*. In *Wilczynski* the court reviewed the plaintiff's allegations and concluded that "the averments in the amended complaint [were] sufficient to allege that [the defendant] denied [the plaintiff] meaningful access to a 'full and fair' final appeal of her claim for disability benefits." 93 F.3d at 404. The court did not state that the allegations were such that the plaintiff had pleaded herself out of court. Rather as is clearly illustrated by the language utilized in *Wilczynski*, the court's inquiry was whether the allegations in the complaint were "sufficient" to defeat a motion to dismiss. *Id.*

We also note that this interpretation of the holding in *Wilczynski* is consistent with the goals behind the exhaustion requirement expressed in *Stark*, 354 F.3d at 671, and *Lindemann*, 79 F.3d at 650. At the pleading stage a plaintiff is provided with a liberal interpretation of his allegations and inferences are made in his favor, but if he fails to provide the proper allegations, the issue of exhaustion of remedies is thus promptly addressed at the pleading stage rather than allowing for judicial resources to be wasted only to discover at the summary judgment stage that the plaintiff failed to exhaust administrative remedies. This interpretation of *Wilczynski* is also consistent with the quote of *Powell* referenced in *Wilczynski* that indicates the discretion factor involves deciding whether to require exhaustion "as a prerequisite

12

to bringing suit. . . ." 93 F.3d at 401.

Other courts have resolved the issue at the summary judgment stage. However, a plaintiff need only provide a general allegation that would allow for an inference that the exhaustion requirement is met or an exception is applicable to proceed onward to discovery. In such instances, the court will necessarily need to proceed onward with discovery, dispositive motions, and examine the evidence in regards to the issue. However, that is not the case before us. In the instant action Plaintiffs' complaint is utterly devoid of any reference to the exhaustion of administrative remedies or to facts that would indicate that an exception is applicable.

Plaintiffs argue that "[a]t this early stage of litigation, this court will not have sufficient knowledge of the facts to exercise its discretion, and that is why the motion is improper and Defendants should be made once and for all to answer." (Ans. 2-3). However, for the reasons explained above, contrary to Plaintiffs' contention, we are not prohibited from addressing the exhaustion issue at the pleadings stage.

## II. Exceptions to the Exhaustion Requirement

Plaintiffs argue that the exceptions to the exhaustion requirement are applicable in the instant action.

## A. Futility Exception

Plaintiffs argue that they are excused from their failure to pursue their administrative remedies because to do so would have been futile. As indicated above, in addressing the applicability of an exception to the exhaustion requirement we must keep in mind the notice pleading standard and determine whether "the averments in the amended complaint are sufficient to allege that" one of the exceptions is satisfied. *Id.* at 403.

### 1. Allegations in Complaint

Plaintiffs argue that in regards to their administrative remedy, "it would have been a waste of time for Plaintiffs to have pursued such a remedy and that is what they were told when they tried to do so." (Ans. 11). For example, Plaintiffs claim that Plaintiff Robert Ahr ("Ahr") approached a human resources employee to try and discuss how to correct the Plan problem. Plaintiffs claim that Ahr was told that any protests about the new Plan would not succeed. (Ans. 11). Plaintiffs also claim that Plaintiff John Hartzler ("Hartzler") spoke with a human resources employee and when Hartzler complained about not being able to go back to his previous position in the bargaining unit as Crew Leader, that he was told that if he did not like it, he could look for another job. (Ans. 11). Plaintiffs further claim that Plaintiff Kenneth Wehrle ("Wehrle") was present at a management meeting and Pam Strobel ("Strobel"), the then president of ComEd was one of the executives that was fielding

questions. (Ans. 11). Wehrle claims that he asked how he would be impacted by the amendments to the Plan and, when he attempted to pursue his questions he "was ignored and they continued with other questions." (Ans. 12). Plaintiffs argue that based upon the above alleged incidents it is clear that "when some of the co-plaintiffs tried to protest the action taken by ComEd, they were told, one and all, that there was nothing they could do about it." (Ans. 13).

The first flaw in Plaintiffs' arguments is that they are all based upon representations made in affidavits that are attached to the answer to the motion to dismiss. There are absolutely no allegations in the amended complaint that even hint that communications were made to Plaintiffs that would have caused them to believe that their efforts at pursuing an administrative appeal would be futile. In fact, the amended complaint is completely silent regarding the pursuit of administrative remedies by Plaintiffs. As the court made clear in *Wilczynski* at the pleading stage the court's inquiry should be whether or not the allegations in the complaint are sufficient to allege that an exception applies. *See id.* at 403 (stating that "the averments in the amended complaint [were] sufficient to allege that [the defendant] denied [the plaintiff] meaningful access to a 'full and fair' final appeal of her claim for disability benefits."). Even under the notice pleading standard, we cannot find that Plaintiffs sufficiently allege in their complaint that their efforts to pursue administrative remedies would have been futile.

## 2. Allegations Appended to Answer to Motion to Dismiss

There is some Seventh Circuit case law suggesting that for a motion to dismiss, we can consider affidavits attached by the plaintiff to an answer to a motion to dismiss. *See Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963-64 (7th Cir. 1992)(stating that "[a] plaintiff need not put all of the essential facts in the complaint" and that "[h]e may add them by affidavit or brief--even a brief on appeal"). However, there is also Seventh Circuit precedent that expressly provides that "[i]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss, nor can it be amended by the briefs on appeal." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989); *see also Harrell v. U.S.*, 13 F.3d 232, 236 (7th Cir. 1993)(recognizing the rule that "a plaintiff cannot amend his complaint by a brief that he files in the district court or the court of appeals."); *Miller v. Gain Financial, Inc.*, 995 F.2d 706, 708 (7th Cir. 1993)(recognizing that *Thomason v. Nachtrieb* provides the correct standard for a motion to dismiss); *Perkins*, 939 F.2d at 471(recognizing that "[a]s a general rule, a complaint may not be amended by briefs in opposition to a motion to dismiss."); *U.S. v. Wood*, 925 F.2d 1580, 1581-82 (7th Cir. 1991)(recognizing that *Thomason v. Nachtrieb* provides the correct standard for a motion to dismiss); *Samuels v. Old Kent Bank*, 1997 WL 458434, at *15 (N.D. Ill.1997)(stating that "a complaint may not be amended by the briefs in opposition to a motion to dismiss.");*Silk v. City of Chicago*, 1996 WL 312074, at *20 (N.D. Ill. 1996)(holding that the plaintiff could

not " use his response memorandum to amend his complaint.").

Some of the District Courts have found that there is an apparent conflict among the Seventh Circuit rulings on this issue. *See e.g. Walker v. Akers,* 1999 WL 787602, at \*3 (N.D. Ill. 1999); *Morgan v. Chicago Police Officer Eichler,* 1999 WL 756064, at \*2 (N.D. Ill. 1999); *Brown v. LaSalle Northwest Nat. Bank,* 148 F.R.D. 584, 586 n.3 (N.D. Ill. 1993). However, we do not find the Seventh Circuit precedent to be inconsistent. In *Thomason* the Seventh Circuit provided that "the complaint may not be amended by the briefs in opposition to a motion to dismiss. . . ." 888 F.2d at 1205. In *Hrubec* the Seventh Circuit provided that a plaintiff "need not put all of the essential facts in the complaint" and that "[h]e may *add* them by affidavit or brief--even a brief on appeal." 981 F.2d at 963 (emphasis added). The court in *Hrubec* thus acknowledged that a plaintiff must first allege certain facts in his complaint and that he can thereafter add to that body of facts and topics in his opposition to a motion to dismiss. The Seventh Circuit has not authorized a plaintiff to embark on completely new avenues in his answer to a motion to dismiss that were not included in the complaint. Thus, although the Seventh Circuit has allowed plaintiffs to supplement their complaint, it has not allowed plaintiffs to entirely rewrite their existing complaint.

In the instant action, Plaintiffs do not simply seek to add one or two minor facts to clarify an allegation in their complaint. Plaintiffs do not seek to expand upon an issue already touched upon in the complaint Plaintiffs have attached

17

multiple affidavits to their answer to the motion to dismiss which contain an entire body of facts pertaining to the exhaustion of administrative remedies. Plaintiffs in essence seek to have that new body of facts to be incorporated into their complaint. If such a maneuver is allowed, a plaintiff could simply avoid a dismissal by shifting positions throughout the pleadings stage and the court and defendant would be uncertain as to what allegations the action is based upon. Thereafter, due to the lack of clarity on the plaintiff's position and allegations at the pleading stage, the plaintiff could simply adopt the most advantageous position at that juncture. Defendants in the instant action have moved to dismiss Plaintiffs' complaint. We shall not sift through Plaintiffs' answer to the instant motion and speculate as to what amendments to the complaint have been made via the representations made by Plaintiffs in the answer and thereby speculate regarding the basis of this action.

Finally, we also note that in this instance, even if Plaintiffs were allowed to incorporate the affidavits into the complaint, the allegations in the affidavits are insufficient to show that the futility exception is applicable. Plaintiff's generalized allegations, such as the allegations that one Plaintiff was told that any "effort to protest" the new Plan "would get . . .nowhere" are insufficient to even justify an inference that the futility exception is applicable in this action. (Ans. 11).


### 3. Authority of Committee

Plaintiffs also contend that any efforts to pursue an administrative appeal

18

would have been futile because the Committee was not empowered to change the Plan benefits to mirror the new Plan. Plaintiffs argue that the Committee's authority is limited to ruling on issues pertaining to the new plan and that the Committee is prohibited from ruling on issues relating to the old Plan. (Ans. 7). However, again the amended complaint makes no mention of the Committee's lack of power to provide an administrative appeal remedy. Also, as Defendants point out, the Plan provides broad authority to the Committee to "interpret and construe th[e] Plan in regard to all questions of eligibility, the status and rights of Participants, Retirees, Beneficiaries and other persons under th[e] Plan, and the manner, time, and amount of payment of any distributions under th[e] Plan." (Plan Sec 10.1(d). Plaintiffs could have sought relief under this provision from the Committee, but Plaintiffs chose not to even attempt to do so. Had Plaintiffs attempted to pursue an administrative appeal the appeal might have been successful. If the appeal was unsuccessful, or, if it were determined that the Committee lacked authority to provide an appeal, such determinations would have at least served one of the purposes behind the exhaustion requirement as expressed by the Seventh Circuit because it would have refined the issues that would be presented in the instant action and developed the record. Instead, Plaintiffs chose not to pursue the administrative appeal and have come before this court speculating that perhaps if they had pursued an appeal the Committee would have lacked authority. Thus, we find that Plaintiffs' argument that the futility exception applies in the instant action because the

19

Committee did not have authority to provide an administrative appeal is without merit.

### B. Meaningful Access Exception

Plaintiffs also argue that they are excused from their failure to pursue administrative remedies because they were denied meaningful access to such remedies. Plaintiffs contend that they were never told about an administrative appeal. Plaintiffs claim that Plaintiff Craig Reed was present at a management meeting discussing the new Plan and "[n]o mention was made of a right to internal appeal or a grievance procedure." (Ans. 5-6). Plaintiffs also allege that Plaintiff Anthony Santoro was present at another management meeting regarding the new Plan and "no mention was made of administrative remedies or a grievance procedure; or that they would have to exhaust these phantom remedies before they could sue; or, in fact, that they could sue at all." (Ans. 6-7). Again these allegations were not included in the amended complaint which is the pertinent source for our inquiry at this juncture. Also, regardless, the allegations are insufficient to allege that Plaintiffs were denied meaningful access to the administrative remedies.

### III. Applicability of Exhaustion Requirement to Statutory Violation

Plaintiffs argue that perhaps the exhaustion requirement is not applicable in the instant action because other Circuits such as the Fourth and Ninth Circuits have

20

found that the exhaustion requirement does not apply to a breach of fiduciary duty claim that involves an alleged violation of the statute rather than the plan. Plaintiffs argue that "[t]he circuits are not all in agreement as to whether exhaustion of remedies is required, but the trend is definitely not in the direction Defendants suggest." (Ans. 2). However, Plaintiffs' compilation of the circuit positions and national trends is of no moment in regards to this issue because the Seventh Circuit has ruled on the issue and we are bound by that precedent alone. *See Lindemann*, 79 F.3d at 649, 641 (affirming district court's ruling requiring the plaintiff to exhaust her administrative remedies prior to pursuing her ERISA action in federal court in an action where plaintiff alleged that she was terminated in violation of Section 510 of ERISA); *Powell v. A.T. & T. Communications, Inc*, 938 F.2d 823, 826 (7th Cir. 1991)(stating that the court wanted to "take this opportunity to reaffirm [the Seventh Circuit's] notion that a district court may properly require exhaustion of administrative proceedings prior to the filing of a claim involving an alleged violation of an ERISA statutory provision" in an action where the plaintiff alleged a "violation of Section 510 of the Employee Retirement Income Security Act"). Thus, the exhaustion of administrative remedies requirement is clearly applicable in the instant action in which Plaintiffs allege a violation of ERISA and under Seventh Circuit precedent we can exercise our discretion and apply the exhaustion requirement if we find it appropriate to do so.

21

## IV. Discretionary Application of Exhaustion Requirement

Plaintiffs argue that the court should exercise its discretion and not require Plaintiffs to exhaust their administrative remedies. Plaintiffs suggest that, based upon *Powell v. A.T. & T. Communications, Inc.* and *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997), "this court could fashion a test for determining whether to require exhaustion of remedies in a Section 502(a)(3) case. . . ." (Ans. 9-10). However, we agree with Defendants that Plaintiffs suggestion that we create a test and the test proposed by Plaintiffs are not in accordance with controlling Seventh Circuit precedent. As is made clear by the Seventh Circuit, in deciding whether or not to apply the exhaustion requirement, "[t]he decision to require exhaustion before a plaintiff may proceed with a federal lawsuit is a matter within the discretion of the trial court." *Stark*, 354 F.3d at 671. The Seventh Circuit in *Stark* did not fashion a test for the district courts in applying their discretion. Instead, the Seventh Circuit provided the above general statement indicating that the matter is within a district court's discretion. *Id.*

If Plaintiffs in the instant action had attempted to exhaust their administrative remedies much time and litigation expenses might have been avoided in this action if the appeal was successful or facilitated a settlement. A pursuit of administrative remedies, would have also allowed Plaintiffs to refine the claims and issues that would have been presented in the instant action and would have also saved time and expense to both the parties and the judicial system. Therefore, we find in our

22

discretion that the exhaustion requirement should be applied in the instant action.

## CONCLUSION

Therefore, based on the foregoing analysis, we grant Defendants' motion to dismiss.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   February 24, 2005